**No. 59114.**—Sarah Hawley Creson, executrix of the estate of Harry Hawley (deceased) v. United States, petition 7133–R (Galveston).

JOHNSON, Judge: This is a petition for the remission of additional duties assessed under section 489 of the Tariff Act of 1930 by reason of the undervaluation of certain cable and other items imported from France by Hawley & Letzerich for the account of R. G. Letourneau, Inc., on or about July 27, 1951.

It appears from the official papers herein that this merchandise was originally entered for consumption on August 1, 1951, and a permit to amend was requested. On June 23, 1952, an amended entry was filed and the merchandise was appraised as entered. Thereafter, the collector appealed for reappraisement and, on September 17, 1953, judgment was rendered appraising the merchandise on the basis of a stipulation submitted by the parties. *United States* v. *Hawley & Letzerich*, 31 Cust. Ct. 396, Reap. Dec. 8250.

It further appears that, prior to the commencement of this proceeding, Harry Hawley, of the firm of Hawley & Letzerich, had passed away and this petition was filed by Sarah Hawley Creson, executrix of his estate.

At the trial, Mrs. Creson appeared in person and testified as follows: She is the daughter of Harry Hawley, a former member of the bar of this court and a custom-house broker in Galveston, Tex. He made the entry in this case on the basis of papers sent to him from D. C. Andrews & Co. of New Orleans, which papers included invoices and worksheets made up by Maher-App & Co., customs broker.

At the time, he was satisfied that the figures were correct, but he was subsequently advised by the appraiser that he had found other values and an amended entry was filed in accordance with the request of the appraiser. Subsequently, on August 13, 1952, a carbon copy of the collector's appeal for reappraisement was sent to the firm of Hawley & Letzerich. Mrs. Creson then communicated with the D. C. Andrews firm and suggested that if they wished to oppose the action, they should appear in court. However, they indicated that they did not wish to oppose the action and that Mrs. Creson could sign a stipulation agreeing to the facts presented by the collector. Mrs. Creson signed such a stipulation, and, on the basis of the decision rendered in the reappraisement proceeding, additional duties were assessed.

Mrs. Creson further stated that the entry had been made on the basis of the papers submitted by D. C. Andrews and Maher-App; that her father communicated with them about the value of the merchandise; and that her father had no intention of deceiving the appraiser or defrauding the revenue.

At the conclusion of this testimony, counsel for the Government stated:

Your Honor, I have discussed this case with Mr. Pratt, who is the Assistant Collector for this district, and he informs me that the testimony is in accordance with his understanding and that Mrs. Creson has consulted him on many occasions and has been most cooperative in giving information to the customs service in connection with this case.

On the record presented, we are satisfied that the entry of the merchandise at a value less than the final appraised value was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The petition is granted and judgment will be rendered accordingly.